# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DWANVAE PEARSON,

    Plaintiff,

v.

WILLIAM GITTERE, *et al.*,

    Defendants.

Case No. 3:21-CV-00363-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

    This case involves a civil rights action filed by Plaintiff Dwanvae Pearson ("Pearson") against several Defendants. Before the Court is Pearson's failure to comply with Local Rule ("LR") IA 3-1 requiring him to change his address.

    Defendants filed an answer in this case on November 28, 2022. (ECF No. 20.) The copy of the answer that was attempted to be served on Pearson was returned because Pearson was paroled and was no longer housed as the address on file with the Court. (ECF No. 21.) Thereafter, the Court issued an order requiring Pearson to update his address by on or before December 28, 2022 pursuant to Local Rule IA 3-1. (ECF No. 23). Pearson was cautioned that his failure to do so would result in a dismissal of this action. (*Id.*)

    To date, Pearson has not filed a notice of change of address with the Court. In fact, it appears Pearson has not filed any document in this case since he filed an application to proceed *in forma pauperis* on August 17, 2021. (ECF No. 1). The last time Pearson actively participated in this action was by attending an early mediation conference on September 20, 2022. (ECF No. 14.)

    LR IA 3-1 provides that the failure to "immediately file with the Court written

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

notification of any change of address . . . may result in dismissal of the action . . . ." Prior to dismissal for failure to follow local rules, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). This litigation cannot proceed or be decided on the merits if the Court and Defendants cannot contact Pearson, nor should the Court or Defendants be required to continue to try to resolve the case without the Pearson's participation. Therefore, the Court finds that all five factors favor dismissal of this case.

Based on the foregoing and for good cause appearing, the Court recommends that this case be dismissed based upon Pearson's failure to notify the Court of his change of address pursuant to LR IA 3-1.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that this action be **DISMISSED** for Pearson's failure to comply with LR IA 3-1.

DATED: December 30, 2022.

_____
UNITED STATES MAGISTRATE JUDGE